J-S43001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERNARD RANSOME, | |
| Appellant | No. 3538 EDA 2014 |

Appeal from the PCRA Order of November 14, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-0003279-1997

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 11, 2015**

Appellant, Bernard Ransome, appeals from an order entered on November 14, 2014 in the Criminal Division of the Court of Common Pleas of Lehigh County that dismissed as untimely his fifth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The historical and factual history of this matter is as follows.  On September 18, 1997, Appellant and others entered a residence with firearms, held the residents captive, and inflicted bodily injury on the residents by pistol whipping, punching, and kicking them and, ultimately, burning them with a hot steam iron and pouring cleaning fluid on their wounds.  Appellant and his accomplices stole more than $7,000.00 from the residence, along with cocaine having a street value of approximately

$20,000.00.   On July 27, 1999, Appellant pled guilty to three counts of robbery, criminal conspiracy, and unlawful restraint.   On September 27, 1999, the court sentenced defendant to an aggregate term of 19¾ to 70 years' imprisonment.   Thereafter, Appellant moved to withdraw his guilty plea and to reconsider his sentence.   On November 23, 1999, after an oral colloquy, the court permitted Appellant to withdraw his motion to withdraw his guilty plea.   On February 22, 2000, the court granted Appellant's motion to reconsider and vacated its September 27, 1999 sentence.   Following a hearing, the court, on July 17, 2000, re-sentenced Appellant to an aggregate term of 19¾ to 70 years' incarceration.[1]   Appellant again filed a motion to modify his sentence, which the court denied on August 4, 2000.   Appellant did not appeal his judgment of sentence.

Between July 25, 2001 and April 20, 2010, Appellant filed four petitions for collateral relief before the trial court.   In each case, the court dismissed Appellant's petitions and no relief was awarded on appeal.

On October 10, 2014, Appellant filed the instant PCRA petition. Pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice on October 24, 2014 of its intent to dismiss Appellant's claim.   On November 14, 2014, Appellant filed a response to the court's Rule 907 notice.   That same day,

---

[1] The trial court based Appellant's sentence, at least in part, on 42 Pa.C.S.A. § 9712.1, which imposes a mandatory minimum sentence based on a judicial finding that the defendant possessed a firearm within close proximity to drugs.

- 2 -

the PCRA court dismissed Appellant's petition as untimely. This timely appeal followed.[2]

Appellant's brief raises the following question for our review:

Did the [PCRA] court err in denying [Appellant's] PCRA petition?

Appellant's Brief at 3.

Appellant argues that he properly invoked an exception to the PCRA's one-year time-bar by filing his petition within 60 days of the decision of this Court in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Appellant's Brief at 5 ("[Appellant's] current appeal is the result of the latest ruling in [*Newman*]"); PCRA Petition, 10/10/14 (attaching this Court's *en banc* opinion in *Newman*); Appellant's Response to Rule 907 Notice, 11/14/14 (citing *Newman* as basis for invoking exception found at 42 Pa.C.S.A. § 9545(b)(1)(iii)). In *Newman*, this Court held that § 9712.1, which enhances a defendant's minimum sentence based upon a finding by the trial court that the defendant possessed a firearm in close proximity to drugs, violated a defendant's right to a jury trial, as interpreted in the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013). We conclude that the PCRA court correctly dismissed Appellant's petition as untimely.

---

[2] Both Appellant and the PCRA court have complied with the procedures set forth in Pa.R.A.P. 1925.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to determine at the outset the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the

> PCRA timing mandate, th[e Court could] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003). The PCRA's timeliness rules apply even to claims, such as Appellant's, that implicate the legality of a sentence. *See Commonwealth v. Jackson*, 30 A.3d 516, 521-522 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012); *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) (where petitioner files untimely PCRA petition raising legality of sentence claim, jurisdictional limits of PCRA render claim incapable of review); *Fahy*, *supra* at 223 (claims challenging legality of sentence are subject to review within PCRA, but must first satisfy PCRA's time limits).

Since Appellant did not file a direct appeal in the case at bar, his judgment of sentence became final on September 5, 2000, when the 30-day period for seeking review expired.[3] *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Appellant then had until Wednesday, September 5, 2001 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b). As Appellant did not file the instant petition until October 10, 2014, his petition is manifestly untimely and the burden fell upon him to plead and prove that one of the

---

[3] The trial court denied Appellant's motion for reconsideration on Friday, August 4, 2000. Using that date, Appellant's 30-day direct appeal period expired on Sunday, September 3, 2000. In addition, Monday, September 4, 2000 was Labor Day, a legal holiday. Hence, under our rules of construction, Appellant's judgment of sentence became final on Tuesday, September 5, 2000. 1 Pa.C.S.A. § 1908 (computation of time).

enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant claims to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

> . . .

> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

In construing § 9545(b)(1)(iii), our Supreme Court has explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has

been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007), quoting *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted).

Appellant's reliance on this Court's decision in *Newman* to invoke the timeliness exception found at § 9545(b)(1)(iii) is unavailing. This Court has previously held that, "the language of section 9545(b)(1)(iii) does not contemplate that a decision of this Court [] may provide the basis for an exception to the time-bar." *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012).[4] Because Appellant did not properly invoke the timeliness exception found at § 9545(b)(1)(iii), his petition for collateral relief was untimely and the PCRA court did not err in dismissing his claims. Accordingly, we affirm.

---

[4] More recently, this Court held that while *Alleyne*, the United States Supreme Court decision cited in *Newman* as the basis for invalidating § 9712.1, constitutes a new constitutional rule, that case is not entitled to retroactive application in the collateral review setting. *Commonwealth v. Riggle*, 2015 WL 4094427, *5 - *7 (Pa. Super. 2015); *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (neither Pennsylvania Supreme Court nor United States Supreme Court has declared that *Alleyne* should be applied retroactively to cases in which the judgment of sentence has become final). Hence, even if Appellant cited *Alleyne* as the basis for invoking the newly recognized constitutional right exception to the PCRA's time-bar (which he did not), he would not be entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/11/2015</u>